THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **KELLY KENNELLY, CHAD KOENIG, ROSS LOBLEIN, LEON ELLISON, TOBY HUTCHINGS, and MICHAEL WARREN**<br><br>**Plaintiffs,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant**. | No. 22-1744 C |

## COMPLAINT

Plaintiffs Kelly Kennelly, Chad Koenig, Ross Loblein, Leon Ellison, Toby Hutchings, and Michael Warren (collectively "Plaintiffs"), by counsel, hereby bring this Complaint against Defendant United States of America ("Defendant"). Plaintiffs are all currently employed by Defendant in the National Oceanic and Atmospheric Administration, a scientific agency within the United States Department of Commerce ("NOAA").

Plaintiffs bring this action following an identical action filed by Plaintiff Kennelly (Case No. 20-818 C), which the government settled on December 9, 2021. *See* ECF No. 18. Following the Kennelly settlement, Defendant reclassified Plaintiffs' position on July 31, 2022, as non-exempt under the Fair Labor Standards Act and began to pay Plaintiffs an overtime premium for overtime hours worked. Defendant, however, has declined to provide Plaintiffs with recompense for the overtime that they have worked during the statutory time period prior to the reclassification of Plaintiffs' position on July 31, 2022. Plaintiffs therefore bring this action under 29 U.S.C. § 216(b) to recover back pay, liquidated damages, interest, attorney's fees and costs because they were unlawfully classified as "exempt" and denied overtime payment in violation of the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), 5 U.S.C. § 5596, and other applicable laws.

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346 & 1491, and 29 U.S.C. § 216(b).

2. This Court has jurisdiction to issue declaratory judgments and other relief as appropriate given that actual controversies exist regarding Defendant's unlawful acts and omissions under the FLSA, Title 5 of the U.S. Code, and otherwise. *See* 28 U.S.C. §§ 2201 & 2202.

**PARTIES**

3. At all times relevant, each Plaintiff has worked as a Supervisory Physical Science Technician ("SPST") within the Operations branch of the Missions Operations Division ("MOD") of the Office of Satellite and Product Operations ("OSPO") of NOAA's National Environmental Satellite, Data & Information Service ("NESDIS"), located in Suitland, Maryland.

4. Employees within the Operations branch of MOD are generally responsible for overseeing the observation and operation of government weather satellites in accordance with set NOAA procedure, utilizing their training and considering the needs of particular satellites.

5. SPSTs within the Operations branch are generally responsible for supporting scheduled operations by communicating and interfacing with crew members to ensure that there are adequate personnel on a shift, ensuring that shift reports include clear and concise data on the status of current operations, assisting in engineering activities, anomaly resolution, and other support functions, supporting the continuity of operations, and assisting with other facilities issues as needed.

6. SPSTs do not assign particular tasks to employees, require employees to attend meetings, direct employees which program to work on, direct employees which desk to use, direct break time or lunch time, or otherwise direct the day-to-day work of other employees.

7. Plaintiffs are "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e), and Title 5 of the U.S. Code, 5 U.S.C. §§ 2105 & 5541.

8. Defendant and the agency at issue (NOAA) are a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(d) & 203(x), and an "executive agency" within the meaning of Title 5 of the U.S. Code, 5 U.S.C. §§ 105, 5541, & 5596.

9. Ms. Kennelly has been employed by Defendant since 2014, and from December 2016 to the present, was employed as a SPST at payscale ZT-05.

10. Mr. Koenig has been employed by Defendant since 1998, and, from 2018 to the present, was employed as a SPST at payscale ZT-05.

11. Mr. Loblein has been employed by Defendant since 2003, and, from July of 2020 to the present, was employed as a SPST at payscale ZT-05.

12. Mr. Ellison has been employed by Defendant since 1997, and, from 2007 to the present, was employed as a SPST at payscale ZT-05.

13. Mr. Hutchings has been employed by Defendant since 1997, and, from October 2020 to August 2022, was employed as a SPST, at payscale ZT-05.

14. Mr. Warren has been employed by Defendant since 1997, and, from 2014 to the present, was employed as a SPST, at payscale ZT-05.

**GENERAL ALLEGATIONS**

15. From the date each plaintiff was employed as a SPST until July 31, 2022, Plaintiffs were unlawfully classified as "exempt" under the FLSA. NOAA reclassified Plaintiffs as "nonexempt" and began paying overtime to Plaintiffs on July 31, 2022.

16. During all relevant times, Defendant compensated, and continues to compensate, Plaintiffs under a uniform compensation model applicable to all SPSTs (and similar ranked employees) working in NOAA's National Environmental Satellite, Data & Information Service in Suitland, Maryland.

17. Plaintiffs perform, and have performed, tasks and duties that entitle them to overtime compensation wages.

18. Despite this, at all times relevant, Defendant classified Plaintiffs as "exempt" under the FLSA until July 31, 2022. In doing so, Defendant has deprived Plaintiffs from the overtime compensation wages to which they are legally entitled.

19. Despite the NOAA title of "Supervisory Physical Science Technician," Plaintiffs perform primary job duties that are non-managerial.

20. Plaintiffs do not have genuine input into personnel matters.

21. Plaintiffs do not have the authority to hire or fire employees.

22. Plaintiffs are not responsible for interviewing or hiring employees.

23. Plaintiffs do not have the authority to promote employees.

24. Plaintiffs are not responsible for recommending employee promotions.

25. Plaintiffs are not responsible for setting and adjusting employees' rates of pay.

26. Rather, branch chiefs and division chiefs are responsible for interviewing, hiring, firing, promoting, and setting employee pay rates.

27. Plaintiffs are not responsible for handling serious employee complaints and grievances.

28. Plaintiffs do not have authority to levy any formal discipline to employees beyond a verbal or written reprimand.

29. Indeed, since September of 2020, NOAA has had a collective bargaining agreement with a union, which provides a formal grievance procedure that does not go through Plaintiffs.

30. If a grievance or complaint is otherwise presented to Plaintiffs, higher-level management would be responsible to make decisions on such grievance or complaint, and Plaintiffs' involvement would be limited to providing factual details to such management.

31. Plaintiffs are not responsible for setting and adjusting employees' hours of work.

32. At most, certain SPSTs (including Kennelly) are responsible for coordinating coverage of shifts by other employees if an employee is unable to meet their regular shift.

33. Plaintiffs do not assign particular tasks to employees, require employees to attend meetings, direct employees which operations program to work on, direct employees which desk to use, or direct break time or lunch time.

34. Plaintiffs are not responsible for planning, determining, or directing the day-to-day work performed by employees.

35. Plaintiffs are not responsible for determining the specific techniques to be used by employees.

36. Plaintiffs are not responsible for apportioning specific tasks to employees.

37. Rather, employees perform tasks in accordance with set NOAA procedure, utilizing their training and considering the needs of particular satellites.

38. At most, Plaintiffs may be responsible for coordinating coverage of shifts by employees to ensure that position staffing requirements are met, but do not direct employees which task to work on or which operations program to work in.

39. Plaintiffs are not responsible for training employees.

40. Rather, employees are trained by training personnel utilizing materials developed by engineers or via NOAAs online portal.

41. At most, Plaintiffs may be involved in coordinating and connecting new employees with particular training personnel, but they are not involved in any substantive aspect of what is taught.

42. Plaintiffs are not responsible for determining the type of materials, supplies, machinery, equipment, or tools to be used or merchandise to be bought, stocked, and sold.

43. Plaintiffs are not responsible for controlling the flow and distribution of materials or merchandise and supplies.

44. Rather, these tasks would be handled on an organizational level by the support branch.

45. Plaintiffs are not primarily responsible for maintaining the security of NOAA facilities.

46. Rather, Defendant employs separate armed security officers that are responsible for ensuring the safety and security of the employees and property against security threats, as well as separate maintenance personnel that are responsible for maintaining the property in a safe condition.

47. Moreover, NOAA has procedures in place to deal with safety-related emergencies, such as fires or power outages.

48. At most, Plaintiffs may, at times, interface with support personnel if they notice particular safety issues on the floor (as any employee should), although this is not Plaintiffs' primary responsibility, nor may Plaintiffs exercise discretionary authority over safety or security policy.

49. Plaintiffs are not responsible for monitoring or implementing legal compliance measures.

50. Rather, legal compliance issues would be handled on an organizational level by the chief of staff, with certain monitoring functions performed by the support branch.

51. Plaintiffs are not responsible for maintaining production or financial records for use in supervision or control.

52. Plaintiffs are not responsible for planning and controlling the budget.

53. Instead, budget and financial issues are handled by the branch chief or the office of the chief financial officer.

54. Additionally, the work performed by Plaintiffs does not primarily concern Defendant's management or general business operations, and involves minimal use of independent discretion or judgment with respect to "matters of significance."

55. Though classified as "exempt" until July 31, 2022, Plaintiffs are and were paid on an hourly basis, and their compensation fluctuates widely based on how much they work and when.

56. At all times, Plaintiffs have not receive a fixed, predetermined amount for each week in which they perform any work, regardless of quality or quantity.

57. Indeed, Plaintiffs are treated as "Wage Grade Employees" for the purpose of requesting and taking leave.

58.     At all relevant times, Defendant has willfully chosen not to pay Plaintiffs overtime pay at a rate not less than time and one-half their FLSA regular rate of pay for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek.

59.     At all relevant times, Defendant has willfully chosen not to pay other SPSTs overtime pay at a rate not less than time and one-half their FLSA regular rate of pay for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek.

60.     Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

61.     Under the FLSA and OPM regulations, employees are presumed to be FLSA nonexempt, and Defendant carries the burden of demonstrating by clear and convincing evidence that Plaintiffs are FLSA exempt.  *See* 5 C.F.R. § 551.202.

62.     Defendant and its officers and agency, NOAA, willfully have violated, and continue willfully to violate, the provisions of the FLSA and the premium pay provisions of Title 5 of the U.S. Code by wrongfully and willfully failing and refusing to provide Plaintiffs with pay and benefits due under the FLSA and implementing regulations of Defendant.

## COUNT ONE

### (Failure to Compensate Plaintiffs for Overtime under FLSA)

63.     Plaintiffs incorporate the preceding paragraphs by reference.

64.     At all relevant times, Defendant and the agency at issue (NOAA) have been, and continue to be, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§

203(d) & 203(x), and an "executive agency" within the meaning of Title 5 of the U.S. Code, 5 U.S.C. §§ 105, 5541, & 5596.

65. At all relevant times, Defendant employed, or continues to employ, Plaintiffs within the meaning of the FLSA.

66. At all relevant times, Defendant has improperly classified Plaintiffs as exempt under the FLSA.

67. Defendant has wrongfully and willfully denied Plaintiffs coverage under FLSA and has wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of forty (40) hours per workweek or eight (8) hours per workday. *See* 5 CFR § 551.501.

## COUNT TWO

### (Failure to Compensate Plaintiffs for Overtime under Title 5)

68. Plaintiffs incorporate the preceding paragraphs by reference.

69. At all relevant times, Defendant and the agency at issue (NOAA) have been an "executive agency" within the meaning of Title 5 of the U.S. Code, 5 U.S.C. §§ 105, 5541, & 5596.

70. At all relevant times, Defendant employed, or continues to employ, Plaintiffs within the meaning of Title 5 of the U.S. Code.

71. Defendant has wrongfully and willfully withheld compensation due Plaintiffs by refusing to pay them for regularly scheduled overtime, and otherwise depriving them of compensation to which they are entitled under Title 5 of the U.S. Code.

WHEREFORE, Plaintiffs pray that this Court:

a. Issue a declaration that Plaintiffs are or were employed by Defendant in a nonexempt capacity under the FLSA but have been denied such status;

b. Order Defendant, subject to rules and regulations to be established by this Court which conform with FLSA and Title 5 of the U.S. Code, to conduct a full, complete and accurate accounting of all back overtime under the FLSA and Title 5, night differential and other pay, leave, holiday, and excused and other paid absence compensation, and benefits, interest, and liquidated damages due and owing to Plaintiffs as is sought herein;

c. Award Plaintiffs such back pay, premium pay, liquidated damages, and costs due to them under applicable federal laws and regulations;

d. Award Plaintiffs reasonable attorney's fees and costs to be paid by Defendant under FLSA, the Back Pay Act, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B);

e. Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of defendant evidencing defendant's liability herein; and

f. Grant to Plaintiffs such other relief as the Court deems just and proper.

Dated: November 28, 2022

Respectfully submitted,

/s/
Joshua L. Jewett (VSB No. 76884)
Matthias J. Kaseorg (VSB No. 86421) (*Application for Admission Forthcoming*)
PIERCE MCCOY, PLLC
101 West Main Street, Suite 101
Norfolk, Virginia 23510
Tel: (804) 564-2030
Fax: (757) 257-0387
jjewett@piercemccoy.com
mkaseorg@piercemccoy.com

*Counsel for Plaintiffs*